This case is before the court on defendant’s motion to dismiss the petition. After considering the parties’ submissions, we allow that motion without oral argument.
Plaintiff contracted with the Veterans Administration (VA) to renovate portions of the VA hospital in Coatesville, Pennsylvania. Although plaintiff is apparently continuing to perform under the contract, suit has been filed here to resolve certain disputes which have arisen. The record is unclear whether the disputes have ever been presented to the contracting officer for decision, but it is clear there has been no determination by the appropriate agency contract appeals board.
It has long been settled that if a Government contract provides relief for a particular dispute, the standard disputes clause requires the contractor to present the claim administratively before suit can be brought. United States v. Utah Construction & Mining Co., 384 U. S. 394, 402 (1966); Morrison-Knudsen Co. v. United States, 170 Ct. Cl. 757, 762, 345 F. 2d 833, 837 (1965). Once so resolved, this court exercises only a limited review of the administrative decision. See generally 41 U.S.C. § 321 (1976). If, however, the contract does not provide relief, it is equally well settled that the controversy is not subject to administrative determination and may be tried de novo in an appropriate court. See Edward R. Marden Corp. v. United States, 194 Ct. Cl. 799, 805, 442 F. 2d 364, 367 (1971); Len Co. & Associates v. United States, 181 Ct. Cl. 29, 36, 385 F. 2d 438, 442 (1967). *526 As plaintiff has chosen to bypass the administrative procedures available to it under the standard disputes clause contained in the contract, we must determine whether the contract provides relief for the claims stated in the petition.
Count I of the petition seeks an equitable adjustment of $1,180,000 and a declaration that the Government materially breached, and thus terminated, the contract when the Government allegedly failed to disclose the true site conditions prior to contract. Count II realleges much of Count I, alleges numerous change orders, and concludes that a cardinal change has occurred for which breach damages lie in an amount identical to that sought in Count I. Count III alleges that a constructive termination for the convenience of the Government has occurred, entitling plaintiff to appropriate damages. Count IV repeats the allegations of differing site conditions and numerous change orders, concluding that plaintiff is thereby entitled to an equitable adjustment as in Count I. Reducing the petition to essentials, plaintiff seeks whatever relief this court will provide for increased costs and lost profits allegedly attributable to differing site conditions and change orders.
Complete relief, however, for these claims appears to be provided in the contract. It has long been settled that
[w]hen the contract makes provision for equitable adjustment of particular claims, such claims may be regarded as converted from breach of contract claims to claims for relief under the contract. See Morrison-Knudsen Co. v. United States, 170 Ct. Cl. 757, 345 F. 2d 833 (1965); Shedd, Disputes and Appeals: The Armed Services Board of Contract Appeals, 29 Law & Contemp. Prob. 39, 74 (1964); Kelly, Government Contractors’ Remedies: A Regulatory Reform, 18 Admin. L. Rev. 145, 147 (1965). * * * [United States v. Utah Construction & Mining Co., 384 U. S. at 404 n.6.]
See also Edward R. Marden Corp., 194 Ct. Cl. at 806, 442 F. 2d at 368; Len Co. & Associates, 181 Ct. Cl. at 51, 385 F. 2d at 451. Here, contract article 3 deals with change orders and authorizes at paragraph (d)[1] the contracting officer to *527 make equitable adjustment for any increase in the contractor’s cost attributable to a change order. Similarly, contract article 4 authorizes the contracting officer to make equitable adjustment for any increase in the contractor’s cost attributable to differing site conditions. Thus, the contract provides plaintiff relief for the basic claims asserted here. Nor does grouping the allegations together and labeling the result a "constructive termination for Goverment convenience” alter this conclusion. We assume arguendo that plaintiffs argument of contructive termination is not inherently flawed because work under the contract continues. Even if plaintiffs constructive termination argument is accepted at face, contract article 5, paragraph (e), provides relief for the contractor when the Government terminates for its own convenience, viz., either relief as specifically provided in the contract or through an equitable adjustment. Regardless of the form the relief takes, it is patent that contract article 5, paragraph (e), places plaintiffs constructive termination claim within the contract. In short, plaintiffs suit in this court appears premature.
Plaintiffs best argument against this result is that taken together the differing site conditions and the change orders constitute a cardinal change of the original contract. As we have consistently recognized, a cardinal change breaches the contract in a manner not covered by the standard disputes clause and thus a de novo proceeding in this court is proper. E.g., Edward R. Marden Corp., 194 Ct. Cl. at 808-810, 442 F. 2d at 369-370, and cases cited thereat. The touchstone of the doctrine is that Government actions subsequent to the contract so alter the contractor’s duties and rights that wholesale reformation of the contract occurs. While the cardinal change doctrine is clearly good law, this plaintiff has done little more than make the conclusory assertion that such a transformation has occurred. While we sympathize with plaintiff that certain changes have occurred in the manner in which the contract will be performed, and significant additional costs thereby incurred, the facts alleged fall far short of transforming the original contract for renovation into something else. Indeed, although the determination of whether a cardinal change has resulted is not susceptible to a precise calculus, *528 we note the cardinal change cases are generally those either in which the reformed contract procured a different item or in which the cost of the reformed contract greatly exceeds the original contract cost. E.g., Edward R. Harden Corp., supra (the cost of new performance was 200 percent greater than the total price of the original contract). While plaintiffs alleged additional cost of approximately $2,000,000 is no paltry sum, neither do the extra costs approach the total original contract price of $14,240,000. The relative numbers suggest only the detail of performance rather than the essence of the contract was changed. In any event, we simply cannot conclude that a cardinal change has occurred. Plaintiff will be left to the procedures specified in the standard disputes clause. This suit is premature.
it is therefore ordered that defendant’s motion to dismiss is allowed. The petition is hereby dismissed.

 As the parties both have copies of the contract, we have not set out the contract provisions referred to here and infra.